**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| In re )<br>   Allan J. Salera and Toni M. Salera, )<br>)<br>             Debtors )<br>) | Bk. No. 10-15259-JMD<br>Chapter 13<br><br>Scheduled Hearing<br>February 18, 2011<br>9:00 A.M. |

**FIRST AMENDED CHAPTER 13 PLAN DATED JANUARY 26, 2011**

☐ **If this box is checked, this plan contains certain special provisions set out in paragraph 13 below. Otherwise, the plan includes no provisions deviating from LBF 3015-1A, the model plan in effect at the time of the filing of the plan in this Court.**

Debtor(s):   Allan J. Salera              SS # xxx-xx-2898
               Toni M. Salera              SS # xxx-xx-6046

1. **PLAN PAYMENTS**

   The applicable commitment period pursuant to 11 U.S.C. § 1325(b)(4) is not less than three (3) years. This is a sixty (60) month plan.

   | | |
   |---|---|
   | Plan payments: Debtor(s) to pay to Trustee monthly: | $370 |
   | Number of months: | x 36 |
   | Total of monthly plan payments: | $13,320 |

   In addition, for each year during the term of the plan, all tax refunds in excess of $1,200 will be remitted within 14 days of receipt to the Trustee as additional disposable income to fund the plan. Deviation from this requirement in a given year will be considered by the Court only upon the filing of a motion asserting extenuating circumstances; any such motion must be filed within 30 days of the date of the filing of the tax return at issue.

   Other plan payment provisions, if any:   NONE

2. **ADMINISTRATIVE CLAIMS**

   Trustee's fee pursuant to 11 U.S.C. § 1302 and Debtor's attorney's fees:

   | | | |
   |---|---|---|
   | A. | Trustee's estimated fees and expense<br>(10% of the total to be paid): | $1,332.00 |
   | B. | Attorney's fee and expenses requested to be paid through<br>the plan, payable pursuant to AO 2016-1, notwithstanding<br>11 U.S.C. § 1325(a)(5)(B)(iii): | NONE at this time. |

    C.    Other:    NONE

**3.** **DOMESTIC SUPPORT OBLIGATIONS** - NONE

**4.** **PRIORITY CLAIMS** - NONE

**5.** **SECURED CLAIMS (PRIMARY RESIDENCE)**

Residence located at: 575 Suncook Valley Highway, Epsom, NH 03234

Debtor estimates the fair market value of such primary residence to be: $145,000.

Regular mortgage payments and arrearage to be paid as follows:

Regular mortgage payments and arrearage to be paid as follows:

( ) Outside the plan. The mortgage is current and will continue to be directly payable by the Debtor.

(X) The mortgage is not current. Regular postpetition payments will be made directly by the Debtor and the prepetition arrearage only is to be paid through the plan, as follows:

| Mortgagee | Estimated Total Prepetition Arrearage |
|---|---|
| BAC Home Loans Servicing, L.P. | $10,040.24 |

Regular mortgage payments and arrearage to be paid as follows:

( ) Outside the plan. The mortgage is current and will continue to be directly payable by the Debtor.

( ) The mortgage is not current. Regular postpetition payments will be made directly by the Debtor and the prepetition arrearage only is to be paid through the plan, as follows:

| Mortgagee | Estimated Total Prepetition Arrearage |
|---|---|
| BAC Home Loans Servicing, L.P. | $N/A |

This second mortgage is secured by debtors' primary residence and other collateral recorded at Book 3020, Page 1416 in the Merrimack County Registry of Deeds. **However, it is wholly unsecured and will be avoided pursuant to 11 U.S.C. 1322(b)(2)** and *In re Mann,* 249 B.R. 831 (CA 1, 2000). The claim of BAC Home Loans Servicing, L.P. if filed will be treated as unsecured and will share *pro rata* with general unsecured creditors. The confirmation order will reflect that upon completion of the plan payments and the granting of a discharge by the Court, the second mortgage of the party holding it will be void and of no effect.

6. **SECURED CLAIMS (OTHER)**

    Current regular payments are to be made directly by the Debtor(s). Prepetition arrearage amounts, if any, are to be paid through the plan:

    | Name of Creditor | Collateral | Estimated Total Prepetition Arrearage |
    |---|---|---|
    | Bellweather Community Credit Union | 2001 Saab 95SE | NONE |
    | HSBC Card Services | Polaris ATV | NONE |
    | First Colebrook Bank | Unimproved real estate Approx. 5 acres | NONE |

7. **SECURED CLAIMS TO BE MODIFIED**

    NONE

8. **SECURED CLAIMS WHERE COLLATERAL TO BE SURRENDERED**

    NONE

9. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

    Executory contracts and unexpired leases are assumed or rejected as follows: NONE

10. **UNSECURED CLAIMS**

    Unsecured creditors' claims total $38,811 (including, if applicable, the unsecured portion of claims modified under paragraph 7 and the third mortgage being stripped off as fully unsecured in paragraph 5). The percentage to be paid toward these claims will be determined after the bar date for filing claims has passed and will be specified in a motion to allow claims. Unsecured creditors will begin receiving payment on a *pro rata* basis with any secured arrearage and priority claims after the issuance of such an order. If all scheduled claims are allowed, the percentage distribution to creditors is estimated at 5%.

11. **GENERAL PLAN PROVISIONS**

    A. **Duty to Provide Tax Returns:** The Debtor(s) have an ongoing obligation to provide a copy of each federal income tax return (or any request for extension) directly to the Trustee within seven days of the filing of the return (or any request for extension) with the taxing authority.

    B. **Allowance of Claims:** In the event that a proof of claim is filed in an amount different from the amount listed in this plan, the proof of claim amount shall be deemed to be the correct amount unless the Debtor(s) or another party in interest successfully objects to the proof of claim.

    C. **Property of the Estate and Insurance:** All property shall remain property of the estate until discharge. Pursuant to 11 U.S.C. § 1306(b), the debtor(s) will remain in possession of all property of the estate unless a provision of this plan, or an order of this Court,

specifically states otherwise. The Debtor(s) shall maintain all insurance required by law and contract upon property of the estate and the Debtor(s)' property.

D. **Retention of Lien:** All secured creditors shall retain the liens securing their claims unless otherwise stated.

E. **Application of Payments Under This Plan:**

1. Pursuant to 11 U.S.C. § 524(i), payments received by holders and/or servicers of mortgage claims for ongoing postpetition installment payments shall be applied and credited to the Debtor(s)' mortgage account as if the account were current and no prepetition default existed on the petition date, in the order of priority specified in the note and security agreement and applicable non-bankruptcy law. Postpetition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

2. **If a creditor applies payments in a manner not consistent with the terms of this plan, or applies Trustee payments to postpetition costs and fees without prior approval of this Court, such actions may be a violation of 11 U.S.C. § 524(i).**

F. **Duty of Mortgage Servicer to Provide Loan Information:**

1. Upon written request of the Debtor(s), any mortgage servicer or its successor shall provide to the Debtor(s) and/or the Debtor(s)' attorney all information with respect to the Debtor(s)' mortgage loan as it would provide absent a bankruptcy proceeding, including contractual monthly payment changes. The term "information" as used herein shall include, but is not limited to: (a) a coupon book or monthly statements to help the Debtor(s) properly make monthly payments, (b) addresses to which to send payments and to direct inquiries, (c) balance and payoff information if requested, and (d) if applicable, escrow analyses, notices of rate adjustments and the like. The Debtor(s) shall not make any claim against the mortgage servicer, the secured creditor or their successors for any violation of the automatic stay or any discharge injunction resulting from its compliance with this section.

2. Upon written request of the Debtor(s)' counsel, any of the information requested to be provided to the Debtor(s) in paragraph F.1 above shall also be provided to the Debtor(s)' counsel.

G. **Release of Certificate of Title Upon Satisfaction of Secured Claim:**

1. Upon satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of the bankruptcy estate for which the certificate of title is in the possession of a secured creditor, such creditor shall within 10 days after demand and, in any event, within 30 days of receipt of the notice of the entry of the discharge order, execute a release of its security interest on said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the Debtor(s) or to the attorney for the Debtor(s).

2. Confirmation of this plan shall impose an affirmative and direct duty on each such secured creditor to comply with this paragraph. This provision shall be enforced in a proceeding filed before this Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the Debtor(s) in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtor(s) specifically reserve the right to file a motion to reopen this case under 11 U.S.C. § 350 to pursue the rights and claims provided for therein.

**12.  LIQUIDATION ANALYSIS**

In the event of a liquidation under chapter 7, I would claim the federal exemptions, based upon which unsecured creditors would receive 13.7%.

**REAL ESTATE: Residential**, located at: 575 Suncook Valley Highway, Epsom, NH 03234

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| Homestead | $145,000 | $228,363 | N/A | -0- |

Total non-exempt value:    -0-

**REAL ESTATE: Non-residential**, located at: Antrim, NH.

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| 11 Acres unimproved | $55,000 | $48,259 | $6,741 11 U.S.C. 522(d)(1) | -0- |

Total non-exempt value:    $-0-

**B.  NON-EXEMPT TANGIBLE ASSETS:**

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| NONE | | | | |

Total non-exempt value:    $-0-

**C.  NON-EXEMPT INTANGIBLE ASSETS:**    NONE

Total non-exempt value:    $-0-

**13.  SPECIFIC NON-CONFORMING SPECIAL PLAN PROVISIONS (if any):**

I declare under penalty of perjury that the foregoing is true and correct.

| Date: January 26, 2011 | /s/ Allan J. Salera |
| | Allan J. Salera, Debtor |

| Date: January 26, 2011 | /s/ Toni M. Salera |
| | Toni M. Salera, Joint Debtor |

Respectfully submitted,
ALLAN J. AND TONI M. SALERA
By their attorney
DEMING LAW OFFICE

| Date: January 26, 2011 | /s/ *Leonard Deming* |
| | Leonard G. Deming, II |
| | Deming Law Office |
| | 491 Amherst Street, Suite 22 |
| | Nashua NH 03063 |
| | (603) 882-2189 |
| | BNH 01186 |

CERTIFICATE OF SERVICE

I hereby certify under the pains and penalties of perjury that I have served a copy of the foregoing Chapter 13 Plan upon the following persons at the addresses indicated by electronic filing or First Class Mail, Postage prepaid, this 29th day of January, 2011:

United States Trustee
USTPRegion01.MR.ECF@usdoj.gov

Lawrence Sumski, Esq.
lsumski@yahoo.com

Charles W. Gallagher, Esquire
charles.gallagher@hpllaw.com

Allan J. and Toni A. Salera
575 Suncook Valley Hwy.
Epsom NH 03234

Prober & Raphael, A Law Corporation
20750 Ventura Boulevard, Suite 100
Woodland Hills CA 91364

Bellweather Credit Union
425 DW Highway
Manchester NH 03104

First Colebrook Bank
132 Main Street
Colebrook NH 03576

Capital One
P.O. Box 71083
Charlotte NC 28272-1083

HSBC Card Services
P.O. Box 17602
Baltimore MD 21297-1602

Direct TV
P.O. Box 11732
Newark NJ 07101-4732

Juniper Card Services
P.O. Box 13337
Philadelphia PA 19101-3337

BAC Home Loans Servicing, LP
P.O. Box 15222
Wilmington DE 19886-5222

BAC Home Loan Bk Dept.
Mail Stop: CA6-919-01-23
400 National Way
Simi Valley CA 93065

/s/ *Leonard Deming*
Leonard Deming